JOE MAY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 91874. Promulgated May 23, 1939.

*Frederic A. Pike, C. P. A.*, for the petitioner.
*E. A. Tonjes, Esq.*, for the respondent.

949

OPINION.

Van Fossan: The first issue presents the question of the right of the petitioner to return his income under the community property laws of California while he was living in that state by the grace of a visitor's visa. The petitioner contends that such laws do not discriminate against aliens, resident or nonresident, but grant them the same rights as those enjoyed by citizens of California. He insists, however, that he was a resident of that state and that, in harmony with his intent to become a citizen of the United States, he had done his utmost to perfect his application for citizenship under the immigration laws and procedure.

The respondent's position is that the petitioner did not become a resident of California and was not domiciled in that state until November 23, 1934, the day on which he entered the United States as an immigrant under the Austrian quota. The respondent cites the Political Code of California, Title II, section 52,[1] defining the term "residence" and argues that the petitioner's presence in California was not the "unrestricted presence required by the Code," because the union of act and intent could not exist until after he entered the

---

[1] Sec. 52. Residence, rules for determining.
Every person has, in law, a residence. In determining the place of residence the following rules are to be observed:
1. It is the place where one remains when not called elsewhere for labor or other special or temporary purpose, and to which he returns in seasons of repose;
2. There can only be one residence;
3. A residence cannot be lost until another is gained;
4. The residence of the father during his life, and after his death the residence of the mother, while she remains unmarried, is the residence of the unmarried minor child;
5. The residence of the husband is the residence of the wife;
6. The residence of an unmarried minor who has a parent living cannot be changed by either his own act or that of his guardian;
7. The residence can be changed only by the union of act and intent.

United States as a quota immigrant. The respondent also asserts that the petitioner is bound by his representations made to secure his visitor's visa.

The community property laws of California do not specifically exclude a resident or nonresident alien from its benefits.

The facts before us clearly establish that the petitioner was a resident of California during 1934 within the definition of section 52. It is beyond doubt that the petitioner's intent and purpose were to become an American citizen. His original entry into the United States was accomplished through a visitor's visa only because his immediate presence in Hollywood was vital to his securing a contract with Columbia. Almost immediately on arrival in California, i. e., early in January 1934, he discussed with his English teacher ways and means of entering the country under a quota and he employed her to supervise his various moves to that end. The "union of act and intent," which the respondent challenges, was manifest at the very outset of his residence in Hollywood and continued until November 23, 1934, when he accomplished his desire and entered under the Austrian quota.

We note that on the same day, he made application for citizenship papers and that he remained in Hollywood for over a year without employment. His entire conduct and behavior were consistent with his professed intention of remaining in California and becoming an American citizen.

The respondent contends that the fact that the petitioner was living in California under a visitor's visa automatically made it impossible for him to have an "intent" to reside in that state. We considered the same situation in *J. P. Schumacher*, 32 B. T. A. 1242, in which we held that the petitioner's entry under a visitor's visa did not affect his status as a resident alien. There we said that he had adopted that course on consular advice and that his explanation of the reason therefor seemed reasonable. In the case at bar the petitioner's explanation for his securing a visitor's visa is likewise reasonable and convincing.

The petitioner is entitled to return his income derived from salary on a community property basis under the laws of California.

Our decision on the first issue also determines the disposition of the second issue. The petitioner is entitled to a personal exemption of $2,500.

The third issue involves claims for the deduction of various expenditures as ordinary and necessary business expenses.

In *Cohan* v. *Commissioner*, 39 Fed. (2d) 540, the court, in discussing the duty of the Board in situations where exact proof is lacking, stated:

\* \* \* The Board should make as close an approximation as it can, bearing heavily if it chooses upon the taxpayer whose inexactitude is of his own making.

The petitioner is a motion picture director and writer. His popularity and success upon coming to this country, resulting in a future demand for his services, were dependent in no small measure upon personal contacts made with prominent individuals of the motion picture industry. The expenditures made in the taxable year were very largely for business reasons. Of total expense of $1,271.85 proved, the sum of $1,076.64 claimed in petitioner's return is a reasonable approximation and is allowed as business expense.

The petitioner owned two automobiles which he used partly for pleasure and partly in his professional work. In his tax return he claimed as business expense 50 percent of all automobile expense, or $615.02, itemized as to depreciation and upkeep. This sum has been reasonably substantiated and is an allowable deduction.

The petitioner claimed expenditures of $1,245.77 for telephone, telegraph, and cable services in his tax return, of which he allocated 50 percent to his business and profession. At the hearing he established total expenditures of $954.07 for such purposes, but claimed a greater proportion to be attributable to business. The variation in the estimates was not explained. We approve the original allocation. The sum of $477.03 has been supported and is an allowable deduction.

*Decision will be entered under Rule 50.*