Angel and Norma DeLauzirika v. Commissioner.
De Lauzirika v. Commissioner
Docket No. 6762-70 SC.
United States Tax Court
T.C. Memo 1971-181; 1971 Tax Ct. Memo LEXIS 151; 30 T.C.M. (CCH) 764; T.C.M. (RIA) 71181; July 27, 1971, Filed Angel DeLauzirika, pro se, 868 Knoll Dr., Los Angeles, Calif.J. Earl Gardner, for the respondent. FAY
Memorandum Findings of Fact and Opinion FAY, Judge: Respondent determined a deficiency of $108 in petitioners' Federal income tax for the taxable year 1968. The question presented is whether petitioners are entitled to a dependency exemption for petitioner's, Angel DeLauzirika's, niece. Findings of Fact Some of the facts were stipulated. The stipulation of facts and the exhibits attached thereto are incorporated herein by this reference. Petitioner, Angel DeLauzirika, filed a joint income tax return with his wife, Norma DeLauzirika, for the *152 taxable year 1968 with the district director of internal revenue at Los Angeles, California. Norma is a party to this action solely because of her participation in the joint return and therefore "petitioner" will hereinafter refer solely to Angel. Petitioner's legal residence on the date of the filing of the petition was in Los Angeles, California. In 1967, petitioner and his wife traveled to Spain to visit his brother. Petitioner's niece, Yolanda Lauzirika (hereinafter referred to as Yolanda), who was then living in Spain, expressed a great desire to immigrate to the United States. The Spanish Government would only permit Yolanda to leave Spain on a temporary visa insuring her return to her mother country. Yolanda was 17 at the time, and the Spanish Government required all 19-year-old citizens to contribute two years' service to the state. Petitioner inquired at the American Consulate in Bilboa, Spain, about his niece obtaining United States citizenship. The Consulate, aware of the Spanish Government's requirements and limitations, told petitioner that the only way Yolanda would be allowed to leave Spain would be under a visitor's visa. Petitioner was told, however, that once *153 Yolanda arrived in the United States she could make further attempts to secure citizenship. Yolanda heeded the Consulate's advice and accepted a visitor's visa limiting her stay to no longer than six months. Yolanda arrived in the United States on June 12, 1967. She informed the immigration officers that she planned to stay in the United States as a visitor for approximately five months. Upon expiration of her visa in November 1967, she requested an extension. Pursuant to her request, an extension was granted until April 1968. In April, Yolanda was informed that her right to remain in the United States would be extended for a maximum of two additional months. On May 17, 1968, the United States Immigration and Naturalization Service ordered Yolanda to leave the country by June 17, 1968, in lieu of an order of deportation. Yolanda voluntarily departed the United States July 6, 1968. While in the United States Yolanda did not file a declaration of intention to become a citizen, nor did she apply for a permanent resident visa. In addition, she did not file a Form 1078 Certificate of Alien Claiming Residence in the United States. Opinion We must determine whether petitioner is entitled *154 to claim a dependency exemption 765 in his 1968 income tax return for his niece, Yolanda Lauzirika, who was an alien during that year. To make this determination, it is necessary to ascertain whether Yolanda was a resident of the United States during 1968. [1]
*155 Neither the Internal Revenue Code in section 152 nor the regulations thereunder provide a definition of the term "resident" as used therein. However, the definition to be employed in such a determination has been provided by the principles and presumptions contained in respondent's Income Tax Regs., sections 1.871-2 and 1.871-4. [2] These regulations have often been cited as a practical definition of residency for other areas of the Federal income tax law. See William E. Adams, 46 T.C. 352, 358 (1966); Josette J.F. Verrier Friedman, 37 T.C. 539, 551 (1961); and Ceska Cooper, 15 T.C. 757, 763 (1950). The regulations provide that in the absence of exceptional circumstances an alien whose stay in the United States is limited to a definite period by the immigration laws is not a resident of the United States.
*156 The petitioner claims that even though Yolanda was in the United States for a definite limited period her case is one of exceptional circumstances. While this Court is in sympathy with petitioner's plight and must note the sincere impression made by him at the trial, we do not feel that Yolanda's case is one of exceptional circumstances. [3]
Whether an alien is a resident of the United States for purposes of the Federal 766 income tax is largely determined according to the facts and circumstances of each case, and the intention of the alien involved. Where, as here, there is a definite barrier in meeting *157 the requirements of the term "resident," there must be more than wishful thinking or desire upon which to base intent. Yolanda did not file a declaration to become a citizen, nor did she file a Form 1078 or its equivalent which, under section 1.871-4(c)(2), Income Tax Regs., would be proof of residence. Thus, the presumption of nonresidence remains unrebutted in light of the absence of sufficient acts or statements of Yolanda showing a definite intention to acquire residence in the United States. Decision will be entered for the respondent. Footnotes
1. SEC. 151. ALLOWANCE OF DEDUCTIONS FOR PERSONAL EXEMPTIONS. (a) Allowance of Deductions. - In the case of an individual, the exemptions provided by this section shall be allowed as deductions in computing taxable income. * * * (e) Additional Exemptions for Dependents. - (1) In general. - An exemption of $600 for each dependent (as defined in section 152) - * * * SEC. 152. DEPENDENT DEFINED. (a) General Definition. - For purposes of this subtitle, the term "dependent" means any of the following individuals over half of whose support for the calendar year in which the taxable year of the taxpayer begins, was received from the taxpayer (or is treated under subsection (c) or (e) as received from the taxpayer): * * * (6) A son or daughter of a brother or sister of the taxpayer. * * * (b) Rules Relating to General Definitions. - For purposes of this section - * * * (3) The term "dependent" does not include any individual who is not a citizen of the United States unless such individual is a resident of the United States, of a country contiguous to the United States, of the Canal Zone, or of the Republic of Panama. The preceding sentence shall not exclude from the definition of "dependent" any child of the taxpayer -↩
2. § 1.871-2 Determining residence of alien individuals. * * * (b) Residence defined. An alien actually present in the United States who is not a mere transient or sojourner is a resident of the United States for purposes of the income tax. Whether he is a transient is determined by his intentions with regard to the length and nature of his stay. A mere floating intention, indefinite as to time, to return to another country is not sufficient to constitute him a transient. If he lives in the United States and has no definite intention as to his stay, he is a resident. One who comes to the United States for a definite purpose which in its nature may be promptly accomplished is a transient; but, if his purpose is of such a nature that an extended stay may be necessary for its accomplishment, and to that end the alien makes his home temporarily in the United States, he becomes a resident, though it may be his intention at all times to return to his domicile abroad when the purpose for which he came has been consummated or abandoned. An alien whose stay in the United States is limited to a definite period by the immigration laws is not a resident of the United States within the meaning of this section, in the absence of exceptional circumstances. * * * § 1.871-4 Proof of residence of aliens. (a) Rules of evidence. The following rules of evidence shall govern in determining whether or not an alien within the United States has acquired residence therein for purposes of the income tax. (b) Nonresidence presumed. An alien by reason of his alienage, is presumed to be a nonresident alien. (c) Presumption rebutted - * * * (2) Other aliens. In the case of other aliens, the presumption as to the alien's nonresidence may be overcome by proof - (i) That the alien has filed a declaration of his intention to become a citizen of the United States under the naturalization laws, or (ii) That the alien has filed Form 1078 or its equivalent; or (iii) Of acts and statements of the alien showing a definite intention to acquire residence in the United States or showing that his stay in the United States has been of such an extended nature as to constitute him a resident.↩
3. This Court has found exceptional circumstances when the situation which the alien was fleeing from was intolerable. See Joe May, 39 B.T.A. 946 (1939); Hans F. Wriedt, 6 TCM 144 (1947); Mim. 5883, 1945 C.B. 244; and Rev. Rul. 64-149, 1964-1 C.B. 233. However, such exceptional circumstances which would allow an individual to form an intention of residency were found lacking when the alien was well aware of the United States' nonacceptance of his presence. Florica Constantinescu, 11 T.C. 37↩ (1948).