John A. SCHULTZ, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 73-1406.

United States Court of Appeals,
Fourth Circuit.

Argued Nov. 5, 1973.

Decided March 11, 1974.

———◆———

Gilbert Hahn, Jr., Washington, D. C. (Daniel G. Grove, Mark B. Sandground and Amram, Hahn & Sandground, Washington, D. C., on brief) for appellant.

Ann Belanger, Atty., Tax Div., U. S. Dept. of Justice (Scott P. Crampton, Asst. Atty. Gen., Meyer Rothwacks and Jonathan S. Cohen, Attys., Tax Div., U. S. Dept. of Justice, and Brian P. Gettings, U. S. Atty., on brief) for appellee.

Before CLARK, Associate Justice,* HAYNSWORTH, Chief Judge, and CRAVEN, Circuit Judge.

PER CURIAM:

On February 17, 1965, the taxpayer gave forty-four shares of Jersey Shore Steel Company, a closely held corporation, to each of his three children, and to each of the three children of his brother, Charles. On the same day, Charles gave the same number of shares to each of his children and to each child of the taxpayer. Similar reciprocal transactions were effected on February 4, 1966, and February 14, 1967.

The taxpayer claimed an annual $3,000 exclusion with respect to each year for each of the nephews and nieces. This claim was disallowed upon the basis that the primary purpose of the reciprocal transactions was for each brother to effect enlarged gifts to his own children.

Relying on United States v. Estate of Grace, 395 U.S. 316, 89 S.Ct. 1730, 23 L.Ed.2d 332 (1969), the district court

* Supreme Court of the United States, retired, sitting by designation.

held that "actual intent" was "immaterial" and that the only issue was the "nature and operative effect of the transfers themselves." Thereupon, he directed a verdict for the government.

■■ We need not reach the issue of whether this rule of *Grace* applies with equal force in the area of indirect gifts, for we hold that, on the facts of this case, a reasonable jury could have concluded only that the taxpayer intended to benefit his children, rather than those of his brother, by the gifts in question.

Affirmed.