### ANTHONY J. ACCARDO AND CLARICE ACCARDO, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 39577-87.      Filed February 27, 1990.

*Carl M. Walsh,* for the petitioners.
*Diane L. Berkowitz,* for the respondent.

### OPINION

CLAPP, *Judge:* Respondent determined deficiencies in and additions to petitioners' Federal income taxes as follows:

| | | Additions to tax | | |
|---|---|---|---|---|
| Year | Deficiency | Sec. 6653(a)(1) [1] | Sec. 6653(a)(2) | Sec. 6661 |
| 1981 | $10,196 | $510 | * | - - - |
| 1982 | 39,612 | 1,981 | * | $9,903 |

*50 percent of the interest due on the deficiency

The case was submitted fully stipulated under Rule 122. The issues are (1) whether petitioners may deduct under section 212(2) the legal expenses they incurred in successful defense of petitioner Anthony J. Accardo in a criminal prosecution under the Racketeer Influenced and Corrupt Organizations Act; (2) whether petitioners are liable for additions to tax under section 6653(a)(1) and (2); and (3) whether petitioners are liable for an addition to tax under section 6661.

Petitioners resided in Barrington Hills, Illinois, when they filed their petition. Clarice Accardo is a party only because she filed a joint income tax return with her husband. All references to "petitioner" in the singular will be to Anthony J. Accardo.

On June 3, 1981, petitioner and 15 other defendants were indicted by a Federal grand jury in Florida. The relevant portions of the indictment read—

---

[1]All section references are to the Internal Revenue Code of 1954 as amended and in effect for the years in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.

THE GRAND JURY CHARGES:

## COUNT ONE

\*    \*    \*    \*    \*    \*    \*

3. From on or about October 1970 and continuously thereafter until December 31, 1977, in the Southern District of Florida and elsewhere, the defendants ANTHONY ACCARDO \* \* \* [and others] did knowingly, willfully, and unlawfully conspire, combine, confederate, and agree together, with each other, and with other persons known and unknown to the Grand Jury, to conduct and participate, directly and indirectly, in the conduct of the affairs of the Laborers Union through a pattern of racketeering activity in violation of Title 18, United States Code Section 1962(c).

4. It was part of the conspiracy that the defendants and co-conspirators would be employed by or associated with an enterprise which was engaged in, and the activities of which affected interstate commerce, to wit: the Laborers Union, including its subordinate bodies and affiliated benefit plans.

5. It was further part of the conspiracy that the defendants and co-conspirators would commit and cause to be committed multiple acts of racketeering activity, to wit: the unlawful payment and receipt of things of value relating to questions and matters concerning employee welfare benefit plans, in violation of Title 18, United States Code, Section 1954.

6. It was further part of the conspiracy that some of the defendants and the co-conspirators would, directly and indirectly, give, offer, and promise to give and offer fees, kickbacks, commissions, gifts, loans, money, and other things of value to other defendants and co-conspirators who were administrators, officers, trustees, custodians, counsel, agents, and employees of employee welfare benefit plans, with other defendants and co-conspirators aiding, abetting and counseling both of the previous groups, because of, and with intent to influence, the actions, decisions, and other duties of such defendants and co-conspirators as administrators, officers, trustees, custodians, counsel, agents and employees relating to questions and matters concerning such plan, that is, granting of welfare benefit plan dental, vision and life insurance business.

7. It was further part of the conspiracy that the defendant ANTHONY ACCARDO would agree to and support the operation of a kickback scheme involving the Laborers Union initially in Chicago and Florida and eventually nationwide in return for payments of money.

\*    \*    \*    \*    \*    \*    \*

39. During 1975 defendant ANTHONY ACCARDO had a conversation with Joseph Hauser in which he advised Joseph Hauser that the insurance business of the Laborers Union would be controlled by "the

family" with * * * ACCARDO controlling the midwestern United States * * * .

    *    *    *    *    *    *    *

All in violation of Title 18, United States Code, Section 1962(d).

THE GRAND JURY FURTHER CHARGES:

### FORFEITURE

    *    *    *    *    *    *    *

2. Through the aforesaid pattern of racketeering activity, the defendants ANTHONY ACCARDO * * * [and others] have acquired and maintained interests in violation of Title 18, United States Code, Section 1962, thereby making these interests subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 1963.

3. The interests of the defendants subject to forfeiture to the United States include any and all proceeds of the pattern of racketeering alleged in Count One and any and all interests, securities, claims, and property and contractual rights acquired through the use of these proceeds, including $2,064,066.32 paid and received as kickbacks as set forth in [the indictment] * * * .

4. The defendants are jointly and severally liable to the United States for this forfeiture.

Petitioner was acquitted by the jury on June 30, 1982. On their Federal income tax returns for 1981 and 1982, petitioners deducted legal fees of $17,500 and $207,000, respectively, that they incurred defending petitioner against the charges.

Title 18 U.S.C. sec. 1963 (1982) in effect at the time of trial provides that:

(a) Whoever violates any provision of section 1962 of this chapter shall be fined not more than $25,000 or imprisoned not more than twenty years, or both, and shall forfeit to the United States (1) any interest he has acquired or maintained in violation of section 1962, and (2) any interest in, security of, claim against, or property or contractual right of any kind affording a source of influence over, any enterprise which he has established, operated, controlled, conducted, or participated in the conduct of, in violation of section 1962.

The only assets, if any, that petitioner was attempting to protect against forfeiture under 18 U.S.C. sec. 1963 were three certificates of deposit of $500,000 each, and condominiums in River Forest, Illinois, and Indian Wells, California, that petitioners used as their personal residences. The

indictment did not specifically identify these assets as property subject to forfeiture under 18 U.S.C. sec. 1963. The funds used to purchase these assets were not obtained from the alleged activities for which petitioner was indicted.

Section 212(2) provides that an individual may deduct "all the ordinary and necessary expenses paid * * * for the management, conservation, or maintenance of property held for the production of income." Petitioner argues that the entire amount of the legal fees should be deductible under section 212(2) because the indictment sought a "forfeiture judgment," and petitioner accordingly incurred the legal fees to conserve and maintain income-producing property (the certificates of deposit). Petitioner does not explain why he believes that none of his legal fees were incurred to conserve and maintain his other nonincome-producing property (the condominiums) or to keep him out of jail.

In any event, we hold for respondent. No allocation is necessary because no part of the legal fees is deductible. Petitioner's situation is no different from that of any defendant in a criminal or civil trial who faces a potential fine or monetary judgment that must be paid out of income-producing assets such as savings accounts, certificates of deposit, or stocks. In *United States v. Gilmore*, 372 U.S. 39, 46 (1963), the Supreme Court noted that the taxpayer in *Lykes v. United States*, 343 U.S. 118 (1952), had—

argued that if he had been required to pay the original [gift tax] deficiency he would have been forced to liquidate his stockholdings, which were his main source of income, and that his legal expenses [contesting the deficiency] were therefore incurred in the "conservation" of income-producing property and hence deductible under * * * [the predecessor of section 212(2)]. * * *

The *Lykes* Court rejected the taxpayer's argument,[2] saying that—

It would mean that the expense of defending almost any claim would be deductible by a taxpayer on the ground that such defense was made to help him keep clear of liens whatever income-producing property he might have. For example, it suggests that the expense of defending an action based upon personal injuries caused by a taxpayer's negligence

---

[2]The taxpayer now would be allowed a deduction under sec. 212(3).

while driving an automobile for pleasure should be deductible. [*Lykes* at 125.]

Accordingly, petitioner's position is inconsistent with *Lykes.*

Petitioner's position also is inconsistent with the holding in *Gilmore v. Commissioner,* 372 U.S. at 48. According to *Gilmore—*

the characterization, as "business" or "personal," of the litigation costs of resisting a claim depends on whether or not the claim *arises in connection with* the taxpayer's profit-seeking activities. It does not depend on the *consequences* that might result to a taxpayer's income-producing property from a failure to defeat the claim * * * . [Otherwise, there would be] capricious results. If two taxpayers are each sued for an automobile accident while driving for pleasure, deductibility of their litigation costs would turn on the mere circumstance of the character of the assets each happened to possess, that is, whether the judgments against them stood to be satisfied out of income- or nonincome-producing property. * * * [Emphasis in original.]

In the instant case, the claim arose in connection with petitioner's alleged racketeering activities, rather than in connection with the certificates of deposit or the condominiums. Forfeiture of the certificates of deposit or the condominiums was merely a possible consequence of a failure to defeat the claim. Accordingly, section 212(2) does not allow petitioners to deduct any part of their legal fees.

Petitioners assert they are not liable for the additions to tax for negligence under section 6653(a) because they relied on the advice of their tax return preparer. However, they introduced no evidence to support this argument, which was made for the first time on brief. In addition, we have found that petitioners' legal fees are not deductible under *Gilmore,* and there was no evidence that petitioners made any effort to determine the propriety of their claimed deductions or to establish any plausible arguments in support of the deductions. Negligence under section 6653(a) is the lack of due care or failure to act as a reasonable person would act under the same circumstances where there is a legal duty to act. *Neely v. Commissioner,* 85 T.C. 934, 947 (1985). Petitioners bear the burden of proof with respect to additions to tax for negligence. Rule 142(a); *Luman v. Commissioner,* 79 T.C.

846, 860 (1982). Petitioners have not carried their burden of proof.

Petitioners had a substantial understatement of income tax in 1982. Sec. 6661(b)(1)(A). Accordingly, they are liable for the section 6661 addition to tax unless one of the exceptions of section 6661(b)(2)(B) applies. The exception of section 6661(b)(2)(B)(i) will not apply because as discussed above there was no substantial authority for petitioner's treatment of the legal fees. The exception of section 6661(b)(2)(B)(ii) will not apply because petitioners' 1982 return merely stated "Legal fees re conservation of property held for production of income," which is not adequate disclosure of the relevant facts affecting the tax treatment of the legal fees. Accordingly, petitioners are liable for the addition to tax under section 6661.

We do not rule on petitioners' relevancy objection to petitioner's testimony before a Senate subcommittee because we have not relied on that testimony.

*Decision will be entered for the respondent.*