WILLARD D. HORWICH and DELORIS N. HORWICH, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Horwich v. Commissioner
Docket No. 16183-89
United States Tax Court
T.C. Memo 1991-465; 1991 Tax Ct. Memo LEXIS 514; 62 T.C.M. (CCH) 797; T.C.M. (RIA) 91465; September 24, 1991, Filed *514 Decision will be entered for the respondent. Willard D. Horwich, pro se. Howard S. Levy, for the respondent. WRIGHT, Judge. WRIGHT
MEMORANDUM OPINION Respondent determined a deficiency in petitioners' Federal individual income tax for 1985 in the amount of $ 10,688, an addition to tax pursuant to section 6653(a)(1) [1] in the amount of $ 534, an addition to tax pursuant to section 6653(a)(2) in the amount of 50 percent of the interest due on $ 10,688, and an addition to tax pursuant to section 6661(a) in the amount of $ 2,672 for a substantial understatement of income tax. After concessions by the parties, the only issue remaining for decision is whether petitioners are liable for the addition to tax pursuant to section 6661(a). The parties submitted this case fully stipulated pursuant to Rule 122. The stipulation *515 of facts, supplemental stipulation of facts, and attached exhibits are incorporated in this opinion. At the time of filing the petition in this case, petitioners resided in Beverly Hills, California. Petitioners, Willard D. and Deloris N. Horwich jointly filed a U.S. Individual Income Tax Return for the taxable year ended December 31, 1985. Attached to this return was a Schedule C, "Profit or (Loss) From Business or Profession." The Schedule C listed items of income and expense which Mr. Horwich claimed he earned or expended in his profession as an attorney. The Schedule C deductions included, but were not limited to, an insurance expense deduction of $ 13,133, and a travel and entertainment expense deduction of $ 12,280. Petitioners conceded that $ 6,892 of the total amount expended on insurance and $ 3,002 of the total amount expended on travel and entertainment were not expended for ordinary and necessary business purposes within the meaning of section 162, and, therefore, these deductions were properly disallowed. All parties conceded that neither of these expense items was attributable to a tax shelter. Petitioners made no special disclosure on their 1985 return with regard *516 to either of these two expenses other than listing the expense amounts on Schedule C. Petitioners did not file a Form 8275 or attach any other form of statement to their 1985 return indicating the existence of a potential section 6661 issue. Further, petitioners did not disclose sufficient facts on the face of their 1985 return that would have enabled respondent to identify, without conducting an audit, that the amounts pertaining to either the insurance expense or the travel and entertainment expense were expended for ordinary and necessary business purposes. Respondent determined a deficiency in petitioners' income tax for 1985 alleging that petitioners understated their taxable income for this year. The parties stipulated that this understatement was due partially to the erroneous deductions claimed by petitioners for amounts expended relating to insurance and travel and entertainment. Respondent alleges that petitioners substantially understated their income tax liability for 1985 and, therefore, are liable for an addition to tax pursuant to section 6661. Section 6661(a) imposes an addition to tax if a taxpayer has a "substantial understatement" of his income tax for a given *517 taxable year. The amount of the section 6661 addition to tax for additions assessed after October 21, 1986, is equal to 25 percent of the amount of any underpayment attributable to the substantial understatement. Section 8002, Omnibus Budget Reconciliation Act of 1986, Pub. L. 99-509, 100 Stat. 1951; Pallottini v. Commissioner, 90 T.C. 498, 501-502 (1988). A "substantial understatement" occurs when an "understatement" exceeds the greater of $ 5,000 or 10 percent of the amount of tax required to be shown on a return. Sec. 6661(b)(1)(A). An "understatement" means the excess of the amount of the tax required to be shown on a return over the amount of the tax which is actually shown on a return (reduced by any rebates within the meaning of sec. 6211(b)(2)). Sec. 6661(b)(2)(A). Where an item is not attributable to a tax shelter, the understatement may be reduced by such item, and the addition to tax accordingly reduced if the taxpayer adequately disclosed in his return or in a statement attached to his return the relevant facts affecting such item's tax treatment. Sec. 6661(b)(2)(B)(ii). In the instant case, the expense items at issue were not attributable to a tax shelter. *518 Therefore, petitioners can reduce the amount of their section 6661 understatement by the amount of these expense items if they have provided an "adequate disclosure" of the "relevant facts" affecting the tax treatment of the items. The statute does not set forth what constitutes "adequate disclosure" of "relevant facts." Schirmer v. Commissioner, 89 T.C. 277, 285 (1987). Under generally applicable regulatory authority, however, the Secretary may prescribe the form of such disclosure. H. Rept. 97-760 (Conf.) (1982), 1982-2 C.B. 600, 650; Schirmer v. Commissioner, supra at 285. Section 1.6661-4, Income Tax Regs., provides for the form of this disclosure and states that disclosure will be deemed adequate with respect to an item if the taxpayer makes a disclosure in one of two ways: (1) As to disclosure in an attached statement -- on a properly completed Form 8275 attached to the tax return or on a statement attached to the tax return that sets forth the matters listed in section 1.6661-4(b)(1), Income Tax Regs.; or (2) as to disclosure in the return -- by falling within the safe harbor of a revenue procedure issued by respondent that prescribes the circumstances in which *519 information provided on a return will be deemed adequate disclosure for purposes of section 6661. Sec. 1.6661-4(b)(1) and 1.6661-4(c), Income Tax Regs.
This Court has indicated that a taxpayer may also satisfy the requirements of adequate disclosure for purposes of section 6661 if he provides sufficient facts on the face of his return that enable respondent to identify the potential controversy involved. S. Rept. 97-494 (1982); Schirmer v. Commissioner, supra at 285-286. We hold that petitioners failed to satisfy the requirements of any of these disclosure methods. First, petitioners did not attach a Form 8275 to their 1985 return or a statement indicating the existence of a potential section 6661 controversy. Second, petitioners do not fall within the safe harbor of a revenue procedure that prescribes when information provided on a return will be deemed adequate disclosure for purposes of section 6661. Section 1.6661-4(c), Income Tax Regs., provides that respondent may prescribe by revenue procedure when information provided on a return will be deemed adequate disclosure for purposes of section 6661. Consistent with this authority, respondent issued Rev. Proc. 86-22, *520 1986-1 C.B. 562, applicable to returns filed in 1986 and, therefore, applicable to the return currently at issue. Rev. Proc. 86-22 provides that a taxpayer will be deemed to have provided adequate disclosure by listing an amount on a tax form if he has satisfied the following requirements: (1) The taxpayer has furnished all the required information in accordance with the applicable forms and instructions; (2) the money amounts entered on the forms are verifiable within the meaning of Rev. Proc. 86-22; and (3) the item included in the understatement is within one of the items specifically enumerated in Rev. Proc. 86-22. Rev. Proc. 86-22 does not list the Schedule C expense items involved in this proceeding. Therefore, neither the insurance expense item nor the travel and entertainment expense item that petitioners listed on Schedule C were adequately disclosed for purposes of this second method. Finally, petitioners did not provide sufficient facts on the face of their 1985 return that would have enabled respondent to identify the potential controversy involved. This method of disclosure requires more than the production of a "clue" with respect to the nature of the potential *521 controversy involved. Staff of the Joint Comm. on Taxation, General Explanation of the Revenue Provisions of the Tax Equity and Fiscal Responsibility Act of 1982 at 218 (J. Comm. Print 1982); Schirmer v. Commissioner, supra at 286 n. 7. In the instant case, the controversy regarding the insurance and travel and entertainment expenses was whether these expenses were incurred for ordinary and necessary business purposes within the meaning of section 162. Petitioners made no reference on the face of their return indicating that these expenses were incurred for ordinary and necessary business purposes. Likewise, they made no reference indicating that these expenses may not have been incurred for ordinary and necessary business purposes. Therefore, petitioners did not provide respondent with even a clue as to the nature of the potential controversy involved. Furthermore, the facts of the instant case are similar to those in two other cases where we held that the disclosures were insufficient to enable respondent to identify the potential controversy involved. In Schirmer v. Commissioner, supra, and Accardo v. Commissioner, 94 T.C. 96 (1990), affd. F.2d (7th *522 Cir. 1991), we held that a taxpayer who merely listed the amount and nature of an expense item on the proper tax form had not provided a disclosure sufficient to enable respondent to identify the potential issue involved. Schirmer v. Commissioner, supra at 286, and Accardo v. Commissioner, supra at 101. In the instant case, petitioners merely listed the amounts expended for insurance and travel and entertainment on the proper tax form. Therefore, they provided no more disclosure than the taxpayers did in Schirmer and Accardo. Accordingly, we hold that these expense items were not adequately disclosed for purposes of this method. We have considered petitioners' other arguments and find them to be unpersuasive and without merit. In sum, petitioners failed to provide adequate disclosure for purposes of section 6661 which would reduce their section 6661 understatement by the expense items pertaining to insurance and travel and entertainment. Petitioners are, therefore, liable for the addition to tax pursuant to section 6661(a). Decision will be entered for the respondent. Footnotes
1. All section references are to the Internal Revenue Code of 1954 as amended and in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩