T.C. Memo. 1997-561


UNITED STATES TAX COURT


JOHN BORETA, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 25943-93.          Filed December 23, 1997.


        <u>Held</u>:  Petitioner did not adequately disclose on his
1988 Federal income tax return relevant facts regarding the
tax treatment of a claimed business interest expense
deduction.  Petitioner is liable for an addition to tax
under sec. 6661, I.R.C.


<u>Walter B. Thurmond</u> and <u>Charles B. Koerth</u>, for petitioner.

<u>Allan D. Hill</u>, for respondent.


MEMORANDUM OPINION

    SWIFT, <u>Judge</u>:  Respondent determined a deficiency of

$174,822 in petitioner's Federal income tax for 1988 and

additions to tax under sections 6653(a)(1) and 6661 in the amounts of $8,741 and $43,706, respectively.

Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for 1988, and all Rule references are to the Tax Court Rules of Practice and Procedure.

The only issue remaining for decision is whether petitioner adequately disclosed on his 1988 Federal income tax return relevant facts regarding the tax treatment of a claimed business interest expense deduction.

Background

This case has been submitted for decision fully stipulated pursuant to Rule 122. When the petition was filed, petitioner resided in Houston, Texas.

On Schedule C (Profit or Loss from Business or Profession) of petitioner's 1988 Federal income tax return, petitioner claimed a business interest expense deduction of $813,462, and petitioner described his business solely by reference to principal business code 5777, "Other real estate, insurance, and financial activities".

Other than listing the $813,462 amount on Schedule C, on his 1988 Federal income tax return, petitioner made no special disclosure with regard to the above claimed interest expense deduction.

On audit, respondent disallowed the $813,462 claimed interest expense deduction. Respondent also determined additions to tax under sections 6653(a)(1) for negligence and 6661 for substantial understatement of tax.

Petitioner has conceded the disallowance of the $813,462 claimed interest expense deduction and the addition to tax under section 6653(a)(1).

## Discussion

Under section 6661(b)(1)(A), a substantial understatement of tax occurs where the understatement exceeds the greater of $5,000 or 10 percent of the amount of tax required to be shown on the return. The amount of the addition to tax is equal to 25 percent of any underpayment attributable to the substantial understatement. Sec. 6661(a).

The understatement may be eliminated if substantial authority existed for the claimed tax treatment of the item to which the addition to tax relates or if relevant facts regarding the taxpayer's treatment of the item were adequately disclosed by the taxpayer on the tax return or in a statement attached to the return. Sec. 6661(b)(2)(B); sec. 1.6661-4(a), Income Tax Regs.

The adequate disclosure standard will be treated as satisfied where a taxpayer provides information on the tax return "that reasonably may be expected to apprise the Internal Revenue Service of the identity of the item, its amount, and the nature

of the potential controversy concerning the item".  Sec. 1.6661-4(b)(3), Income Tax Regs.

For purposes of section 6661(b)(2)(B)(ii), merely listing items such as income, expenses, and depreciation on a tax return generally is treated by the courts as not constituting sufficient disclosure of the nature of the potential controversy concerning the item.  Accardo v. Commissioner, 942 F.2d 444, 453 (7th Cir. 1991), affg. 94 T.C. 96 (1990); Schirmer v. Commissioner, 89 T.C. 277, 286 (1987).

Respondent, in Rev. Proc. 89-11, 1989-1 C.B. 797, provides a safe harbor exception under which the listing of certain types of items on an income tax return will be deemed adequate disclosure for purposes of section 6661.  Business interest expense, however, does not qualify as one of the items under the safe harbor exception.

Under the adequate disclosure standard of section 6661, greater disclosure is required than the disclosure required under section 6501(e)(1)(A).  Staff of Joint Comm. on Taxation, General Explanation of the Revenue Provisions of the Tax Equity and Fiscal Responsibility Act of 1982, at 218 (J. Comm. Print 1982). The disclosure standard under section 6501(e)(1)(A) has been held to require only an adequate "clue" to enable respondent to identify and investigate the item.  University Country Club, Inc. v. Commissioner, 64 T.C. 460, 469-470 (1975) (citing Colony, Inc. v. Commissioner, 357 U.S. 28, 36 (1958)).

Petitioner argues that by listing on his income tax return the $813,462 claimed interest expense deduction and because the deduction was the second largest deduction on the income tax return, petitioner should be treated as having adequately disclosed, pursuant to section 6661(b)(2)(B)(ii), the potential controversy regarding allowability of the claimed interest expense deduction.

Respondent argues that because petitioner, on his 1988 Federal income tax return, did not adequately describe the nature of his business and did not name the creditor to whom the interest was allegedly paid, petitioner did not adequately disclose relevant facts regarding the tax treatment of the claimed interest expense deduction.

We agree with respondent.

As we have indicated, business interest expense does not qualify under the safe harbor exception of Rev. Proc. 89-11. Therefore, listing the $813,462 claimed business interest expense on the tax return does not, by virtue of the revenue procedure, constitute adequate disclosure under section 6661(b)(2)(B)(ii).

The information provided on petitioner's income tax return did not adequately identify the nature of petitioner's business, nor did it adequately identify the potential controversy regarding allowability of the claimed interest expense deduction.

We conclude that petitioner has failed to provide adequate disclosure for purposes of section 6661(b)(2)(B)(ii), and we

sustain respondent's determination of the addition to tax under section 6661.

Prior to submission of this case for decision, petitioner filed a motion for partial summary judgment. Because the issues raised therein have been decided in this opinion, petitioner's motion for partial summary judgment will be denied as moot.

To reflect the foregoing,

<u>Petitioner's motion for partial summary judgment will be denied as moot, and decision will be entered for respondent</u>.