T.C. Memo. 1999-280


UNITED STATES TAX COURT


RON L. AND GAYLE R. STEVENSON, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 4555-98.                    Filed August 23, 1999.


Ron L. Stevenson and Gayle R. Stevenson, pro sese.

<u>Armand G. Begun</u>, for respondent.


MEMORANDUM OPINION


LARO, <u>Judge</u>:  Petitioners petitioned the Court to redetermine respondent's determination of an $8,982 deficiency in their 1992 Federal income tax, a $2,245 addition to tax under section 6651(a)(1), and a $1,796 accuracy-related penalty under section 6662(a).

After concessions by the parties, we decide the following issues for 1992:[1]

1.  Whether petitioners must include in income $27,998 from the sale of real property.  We hold they must to the extent set forth herein.

2.  Whether petitioners are entitled to Schedule A itemized deductions of $11,305.  We hold they are to the extent set forth herein.

3.  Whether petitioners are entitled to Schedule C expenses of $21,578.  We hold they are not.

4.  Whether petitioners are liable for self-employment tax of $4,246.  We hold they are.

5.  Whether petitioners are liable for the addition to tax under section 6651 determined by respondent.  We hold they are.

6.  Whether petitioners are liable for the penalty under section 6662 determined by respondent.  We hold they are.

Unless otherwise noted, section references are to the Internal Revenue Code in effect for 1992.  Rule references are to the Tax Court Rules of Practice and Procedure.  References to petitioner are to Ron L. Stevenson.

---

[1]Respondent briefed the issue of whether petitioners were entitled to a dependency exemption for their daughter, Jill Stevenson.  Petitioners specifically conceded this issue at trial, and we do not address it herein.

## Background

Some of the facts are stipulated and are so found. The stipulated facts and the exhibits submitted therewith are incorporated herein by this reference. Petitioners resided in Ionia, Michigan, when they petitioned the Court.

Petitioner has been a real estate broker for over 20 years. He was self-employed during 1992 and reported the income and expenses of his business for Federal income tax purposes on a Schedule C. Gayle R. Stevenson was employed by the Ionia County Health Department.

On May 18, 1973, petitioners purchased lots 24 and 25 (the lots) of a development known as Meadowland Estates #1 for $4,900 ($2,450 per lot). Petitioners held the lots for investment and not in connection with petitioner's real estate business. In 1992, petitioners sold both parcels for a contract price of $28,000. The title company which handled the closing reduced the proceeds remitted to petitioners by $208 in selling expenses and by $1,557 in delinquent taxes on the property for 1988 through 1991.

Petitioners filed their 1992 Federal income tax return on January 19, 1995. Petitioners did not report any income or gain from the sale of the lots. Petitioners claimed total Schedule A itemized deductions of $11,305, comprising $1,292 in medical

expenses, $2,732 in taxes,[2] $941 in mortgage interest, and $6,340 in charitable contributions. Petitioners claimed Schedule C business expenses of $21,578, including expenses for advertising, utilities, and insurance expenses. By notice of deficiency dated January 2, 1998, respondent determined petitioners had $27,998 in ordinary income from the sale of the lots, which represents the sale price ($28,000) less $2 in adjusted basis. Respondent also disallowed petitioners' claimed Schedule A and Schedule C deductions for lack of substantiation.

## Discussion

Before turning to the substantive issues, we address a motion made by petitioners at trial to dismiss for lack of jurisdiction. Petitioners allege this Court lacks jurisdiction because the period of limitations for assessment has expired. Petitioners' motion lacks merit. Petitioners' 1992 return was due April 15, 1993. Petitioners filed their 1992 return on January 19, 1995, and respondent had at least 3 years after that to assess tax for that year. See sec. 6501. Respondent issued the notice of deficiency before the expiration of this 3-year period, which tolls the applicable assessment period. See sec. 6503. Moreover, the period of limitations is an affirmative

---

[2]Of this amount, $2,129 was for real property taxes.

defense and not a bar to jurisdiction. See Rule 39. We will deny petitioners' motion.

We turn to the substantive issues, on all of which petitioners bear the burden of proof. See Rule 142(a); Welch v. Helvering, 290 U.S. 111 (1933). Section 61(a) provides that gross income includes income from whatever source derived, including gains derived from dealings in property. See sec. 61(a)(3). The gain from the sale of property is the excess of the amount realized over the taxpayer's adjusted basis in the property. See sec. 1001(a). Generally, the adjusted basis in property is its cost, see sec. 1012, and the expenses of the sale reduce its sale price, see, e.g., Southern Pac. Transp. Co. v. Commissioner, 75 T.C. 497, 586 n.86 (1980) (and the cases cited therein); see also Lanrao, Inc. v. United States, 422 F.2d 481 (6th Cir. 1970). Petitioners' amount realized from the sale of the lots was $27,792 ($28,000 - $208), and their adjusted basis in the lots was $4,900. Petitioners, therefore, realized a $22,892 gain on the sale, which must be recognized as a capital gain. We sustain respondent's determination on this issue to the extent of $22,892.

Respondent's argument that petitioners' adjusted basis in the property was $2 is without merit. Petitioner established through documentary and testimonial evidence that he paid $4,900 for the lots, and the language in the deeds that the

consideration was "one dollar" is not controlling. We are also unpersuaded by respondent's argument that petitioners realized ordinary income from the sales. While petitioner was a real estate broker by profession, the evidence established that the lots, which petitioners held for over 20 years, were not held in connection with petitioner's business.

Petitioner claimed itemized deductions of $11,305, comprising $1,292 in medical expenses, $2,732 in taxes, $941 in mortgage interest, and $6,340 in charitable contributions. Deductions are a matter of legislative grace, and taxpayers must establish entitlement to them. See Deputy v. DuPont, 308 U.S. 488, 493 (1940). Petitioners are required to keep books and records to substantiate claimed expenses. See sec. 1.446-1(a)(4), Income Tax Regs. Petitioners have proven they paid $1,557 in real property taxes on the lots during 1992. Petitioners, as cash method taxpayers, are entitled to deduct the taxes when paid. See sec. 164; Mitchell v. Commissioner, T.C. Memo. 1983-155. As to the $9,748 balance of itemized deductions ($11,305 - $1,557), petitioners neither presented documentary evidence nor proffered specific and convincing testimony substantiating the deductions. Petitioners have failed to meet their burden of proof, and we sustain respondent's determination to the extent of $9,748.

Petitioners claimed Schedule C business expenses of $21,578, including expenses for advertising, utilities, and insurance expenses.  Section 162 provides for deduction of all ordinary and necessary expenses paid or incurred during the taxable year in carrying on a trade or business.  Petitioners presented no evidence, documentary or otherwise, to substantiate these expenses, and we sustain respondent's determination on this issue.[3]

As to self-employment tax, petitioner was a self-employed real estate broker during 1992, and reported the income and expenses of his business on Schedule C.  Petitioner presented no evidence on this issue.  We hold petitioner's income from self-employment is subject to self-employment tax, see secs. 1401 and 1402, and we sustain respondent's determination on this issue.

Respondent determined that petitioners are liable for the addition to tax under section 6651(a)(1).  That section reads in pertinent part:

---

[3]While petitioners do not argue application of the rule articulated in Cohan v. Commissioner, 39 F.2d 540 (2d Cir. 1930), affg. in part and revg. in part 11 B.T.A. 743 (1928), we note it does not apply to this case.  In Cohan, the court allowed the taxpayer to make a reasonable approximation of deductions through the use of detailed evidence of the amount of his expenditures, even though the taxpayer could not establish the exact amounts. See id. at 544.  Petitioners presented no testimony to which we could apply the Cohan rule.

> In case of failure * * * to file any return * * * on
> the date prescribed therefor * * *, unless it is shown
> that such failure is due to reasonable cause and not
> due to willful neglect, there shall be added to the
> amount required to be shown as tax on such return 5
> percent of the amount of such tax if the failure is for
> not more than 1 month, with an additional 5 percent for
> each additional month or fraction thereof during which
> such failure continues, not exceeding 25 percent in the
> aggregate.

To escape the addition to tax for filing late returns, petitioners have the burden of proving (1) that the failure to file did not result from willful neglect, and (2) that the failure was due to reasonable cause. See United States v. Boyle, 469 U.S. 241, 245 (1985). Reasonable cause requires taxpayers to demonstrate that they exercised "ordinary business care and prudence" but nevertheless were "unable to file the return within the prescribed time." Sec. 301.6651-1(c)(1), Proced. & Admin. Regs.

Petitioners' 1992 return was due April 15, 1993. See sec. 6072. Petitioners filed their return on January 19, 1995. The record in this case is void of any evidence of the reason for this failure to file timely. Thus, the record is devoid of evidence that the failure was for reasonable cause. We sustain respondent's determination of the addition to tax under section 6651(a)(1).

Respondent determined petitioners are liable for the accuracy-related penalty under section 6662(a) and (b)(1) for

both years in issue. This section imposes a penalty equal to 20 percent of the portion of an underpayment that is attributable to, among other things, negligence. Petitioners will avoid this penalty if the record shows that they were not negligent; i.e., they made a reasonable attempt to comply with the provisions of the Internal Revenue Code, and they were not careless, reckless, or in intentional disregard of rules or regulations. See sec. 6662(c); Accardo v. Commissioner, 942 F.2d 444, 452 (7th Cir. 1991), affg. 94 T.C. 96 (1990); Drum v. Commissioner, T.C. Memo. 1994-433, affd. without published opinion 61 F.3d 910 (9th Cir. 1995). Negligence connotes a lack of due care or a failure to do what a reasonable and prudent person would do under the circumstances. See Allen v. Commissioner, 92 T.C. 1 (1989), affd. 925 F.2d 348 (9th Cir. 1991); Neely v. Commissioner, 85 T.C. 934, 947 (1985). This penalty is not applicable to any portion of an underpayment to the extent that an individual has reasonable cause for that portion and acts in good faith with respect thereto. See sec. 6664(c)(1).

Petitioners put forth no evidence from which we could conclude they were not negligent or that reasonable cause existed for the failure to report income or for the disallowed items. In fact, petitioner admitted at trial that he did not report all his income and he did not explain this failure. We sustain respondent's determination on this issue.

In reaching our decision, we have considered all arguments made by the parties and, to the extent not addressed herein, find them irrelevant or meritless.  To reflect the foregoing,

<u>An appropriate order will be issued, and decision will be entered under Rule 155</u>.